BENJAMIN B. WAGNER
United States Attorney
LYNN TRINKA ERNCE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 5796 ZENIA LAKE MOUNTAIN ROAD, KETTENPOM, CALIFORNIA, TRINITY COUNTY, APN: 022-080-3800, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>    Defendant. | Case No. 2:10-cv-00770 JAM KJN<br><br>**UNITED STATES OF AMERICA'S EX PARTE APPLICATION TO CONTINUE STAY; DECLARATION OF LYNN TRINKA ERNCE; ORDER**<br><br>DATE:       N/A<br>TIME:       N/A<br>COURTROOM: N/A |

Plaintiff United States of America hereby applies ex parte for an order that continues the stay in this case until May 31, 2011.  In support of its request, the United States respectfully states as follows:

   1.   The United States commenced this civil forfeiture action against the defendant property on April 1, 2010.  Docket No. 1.  The United States contends that claimant was growing marijuana on the defendant property.  Claimant denies these allegations and has answered the complaint.  Docket No. 12.

2.  The Trinity County District Attorney filed drug charges against claimant and his brother, James, on April 23, 2010.

3.  The criminal charges (possession of marijuana for sale cultivation of marijuana, and an enhancement for a firearm) pending against claimant in Trinity County arise out of the same conduct that led to the filing of the instant civil forfeiture action against the defendant real property.

4.  On June 30, 2010, the United States and claimant filed a stipulation and proposed order which requested that this civil forfeiture case be stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until January 6, 2011 because of the pending criminal case. Docket No. 13.

5.  In support of their stipulation, the parties stated the following:

> 3.  Plaintiff intends to depose claimant and his brother regarding their involvement in, or knowledge of, the cultivation of marijuana on the defendant property.  Plaintiff also intends to question claimant about the defenses he raised in his Answer to the Complaint for Forfeiture In Rem.  If discovery proceeds at this time, claimant will be placed in the difficult position of either invoking his Fifth Amendment rights against self-incrimination and losing the ability to pursue his claim to the defendant property, or waiving his Fifth Amendment rights and submitting to a deposition and potentially incriminating himself.  If he invokes his Fifth Amendment rights, the plaintiff will be deprived of the ability to explore the factual basis for the claim he filed with this court and the affirmative defenses in his Answer.
>
> 4.  In addition, claimant intends to depose, among others, the state and federal agents involved with this investigation and the execution of a state search warrant at the defendant property.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of the Trinity County officials to prosecute the underlying criminal conduct.

     5.   The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to prove his claim to the property and to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until January 6, 2011.

Docket No. 13, ¶¶ 3-5.

     5.   On July 1, 2010, the Court entered an order staying this case until January 6, 2011 (Docket No. 14) and, on January 7, 2011, the Court entered a minute order requiring the parties to file a joint status report on or before February 28, 2011. Docket No. 16.

     6.   On February 7, 2011, the United States filed a designation of counsel terminating Kristin Door and adding Lynn Trinka Ernce as counsel of record for the United States. Docket No. 17.

     7.   On February 10, 2011, the United States' counsel contacted claimant's counsel and inquired about the status of the criminal case and the stay in this civil forfeiture case. Ernce Decl., ¶ 2. Claimant's attorney stated that she did not believe there was a need to continue the stay further because the criminal case would resolve soon, possibly in March 2011. Id. The United States' counsel stated that she would review the file, inquire into the dates for the criminal case and get back to claimant's counsel regarding the United States' position on continuing the stay.

     8.   Subsequently, the United States' counsel learned that the state criminal case remains pending and active. A preliminary hearing in the criminal case had been set for February 16, 2011,

1  but was continued to March 23, 2011, along with certain defense
2  motions which also are set to be heard on that date. Ernce Decl.,
3  ¶ 3.  Therefore, it appears that the state prosecution will be
4  pending for some time into the future.
5      9.   On February 18, 2011, the United States' counsel
6  informed claimant's counsel that the United States wishes to
7  continue the stay of this civil forfeiture action in place for
8  all of the reasons that the parties originally agreed to stay the
9  case in their earlier stipulation.  Ernce Decl., ¶ 4.  The United
10 States' counsel requested that claimant agree to stipulate to
11 continue the stay until May 31, 2011.  Id. and Ex. A.
12     10.  To address claimant's concern that the criminal case
13 may resolve soon, the United States' proposed stipulation
14 requested a stay through May 31, 2011 but provided that, if the
15 criminal case concluded earlier than that, the parties would
16 promptly notify the Court that a stay was no longer necessary.
17 Id., ¶ 5.
18     11.  On February 24, 2011, claimant's attorney declined to
19 sign the stipulation.  Id., ¶ 6 and Ex. B.
20     12.  Because the parties have not come to an agreement
21 regarding a further stay of this case, and because the United
22 States continues to believe that a stay is necessary pending
23 resolution of the criminal case, the United States is filing this
24 ex parte application requesting that the Court continue the stay
25 to May 31, 2011.
26 ///
27 ///
28 ///

ARGUMENT

The Court may stay a civil forfeiture action upon motion of the United States if the Court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case. 18 U.S.C. § 981(g)(1).

As the parties agreed in their earlier stipulation, since the Trinity County prosecution remains pending and active, allowing claimant to depose the law enforcement officers who will be witnesses in state court would adversely affect the ability of the Trinity County officials to prosecute the underlying criminal conduct, which arise out of the same conduct alleged in this civil action. Additionally, the parties' earlier concern regarding claimant's Fifth Amendment rights still remain, including that, if he invokes his Fifth Amendment rights during a deposition by the United States, the United States will be deprived of the ability to explore the factual basis for the claim that claimant filed with the Court and the affirmative defenses in his answer. See United States v. $247,052.54, 2007 WL 2009799, *2 (N.D. Cal. 2007) (granting stay at government's request because permitting discovery in civil forfeiture case based on the same conduct as pending criminal case would adversely affect the criminal case).

The parties previously agreed that these concerns, and the others concerns set forth in their stipulation, all justified imposition of a stay pending resolution of the criminal case in state court, and the Court agreed. See Docket Nos. 13, 14. Other than the mere passage of time, nothing has changed to

1 require a different result and lift the stay now.  The criminal
2 case has not yet gone to a preliminary hearing, so still is at
3 its very early stages.  Claimant's belief that the criminal case
4 will resolve soon is nothing more than speculation and, even if,
5 for example, he were to agree to plead to the charges at the
6 preliminary hearing on March 23, 2011, the case will not finally
7 conclude until some unspecified time thereafter due to sentencing
8 and other matters.  Since claimant previously agreed that a stay
9 under 18 U.S.C. § 981(g)(1) was necessary and appropriate, and
10 nothing has changed since then, any opposition to continuing the
11 stay in place until the criminal case concludes must be rejected.
12 See $247,052.54 at *3 (continuing stay in place where claimant
13 previously agreed to stay, nothing had changed since agreement,
14 and criminal case remained pending).
15      Finally, in light of the United States' willingness to
16 notify the Court that the stay is no longer necessary if the
17 criminal case finally concludes before May 31, 2011, there is no
18 prejudice whatsoever to claimant to leaving the stay in place
19 until the criminal case concludes.  Indeed, keeping the stay in
20 place inures to his benefit because he will not be placed in the
21 difficult position of having to decide whether or not to invoke
22 his Fifth Amendment rights in a deposition by the United States -
23 a concern that he previously held when he originally stipulated
24 to the stay.  See Docket No. 13, ¶ 3.
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court enter an order continuing the stay in this case until May 31, 2011.

Dated: February 25, 2011          BENJAMIN B. WAGNER
                                  United States Attorney


                            By    */s/ Lynn Trinka Ernce*
                                  LYNN TRINKA ERNCE
                                  Assistant U.S. Attorney

1                  <u>DECLARATION OF LYNN TRINKA ERNCE</u>

2      I, Lynn Trinka Ernce, declare as follows:

3      1.   I am an Assistant United States Attorney and became counsel of record to the United States in this case effective February 7, 2011.  I make this declaration in support of the United States' ex parte application for an order staying this case until May 31, 2011.

8      2.   On February 10, 2011, I contacted claimant's counsel, Kresta Daly, and inquired about the status of the criminal case and the stay in this civil forfeiture case. Ms. Daly told me that she did not believe there was a need to continue the stay further because the criminal case would resolve soon, possibly in March 2011.  I told Ms. Daly that I would review the file, look into the dates in the criminal case and get back to her regarding the United States' position on continuing the stay.

16      3.   Subsequently, I learned that the state criminal case remains pending and active. A preliminary hearing in the criminal case had been set for February 16, 2011, but was continued to March 23, 2011, along with certain defense motions which also are set to be heard on that date. Therefore, it appears that the state prosecution will be pending for some time into the future.

22      4.   On February 18, 2011, I emailed Ms. Daly and informed her that the United States wants to continue the stay of this civil forfeiture action in place for all of the reasons that the parties originally agreed to stay the case in their earlier stipulation.  Accordingly, I requested that claimant agree to stipulate to continue the stay until May 31, 2011.  A true and correct copy of my email to Ms. Daly is attached as Exhibit A.

5.   To address Ms. Daly's concern that the criminal case may resolve soon, the proposed stipulation requested a stay through May 31, 2011 but provided that, if the criminal case concluded earlier than that, the parties would promptly notify the Court that a stay was no longer necessary. See Ex. A.

6.   On February 24, 2011, Ms. Daly sent me an email in which she declined to sign the stipulation.  A true and correct copy of Ms. Daly's email is attached as Exhibit B.

Executed this 25th day of February, 2011 in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Lynn Trinka Ernce*
LYNN TRINKA ERNCE

\* \* \* \* \* \*

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) until May 31, 2011.  The parties shall file a status report on or before May 27, 2011, advising the Court of the status of the Trinity County prosecution and whether a further stay is necessary.  If the criminal case against claimant concludes before then, the parties will promptly notify the Court that the criminal case has concluded and that the stay is no longer necessary.

IT IS SO ORDERED.

Dated: 2/28/2011

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Judge