BENJAMIN B. WAGNER
United States Attorney
LYNN TRINKA ERNCE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for Plaintiff
United States of America


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-CV-00770 JAM KJN |
| Plaintiff, | FINAL JUDGMENT OF FORFEITURE |
| v. | |
| REAL PROPERTY LOCATED AT 5796 ZENIA LAKE MOUNTAIN ROAD, KETTENPOM, CALIFORNIA, TRINITY COUNTY, APN: 022-080-3800, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

     Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

     1.  This is a civil forfeiture action against certain real property located at 5796 Zenia Lake Mountain Road, Kettenpom, California, Trinity County, APN: 022-080-3800 (hereafter "defendant real property") and more fully described as:

>   THAT PORTION OF THE NORTHEAST ONE-QUARTER OF THE SOUTHWEST ONE-QUARTER AND LOT 6 OF SECTION 6 IN TOWNSHIP 4 SOUTH, RANGE 7 EAST, H.M., LYING EASTERLY OF THE CENTERLINE OF THAT EASEMENT AND RIGHT OF WAY 33 FEET IN WIDTH CONVEYED BY HELEN ANN GILETTA AND OTHERS TO THE UNITED STATES OF AMERICA AND RECORDED ON AUGUST 3, 1962 IN BOOK 98 OF OFFICIAL RECORDS AT PAGE 84, TRINITY COUNTY RECORDS.

1    2.  A Verified Complaint for Forfeiture *In Rem* (hereafter "Complaint") was filed on April 1, 2010, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3.  On April 22, 2010, the defendant real property was posted with a copy of the Complaint and Notice of Complaint.

4.  Beginning on April 29, 2010, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on June 8, 2010.

5.  In addition to the Public Notice of Posting having been completed, the United States gave actual notice to the following individual:  Todd Hudy

6.  Claimant Todd Hudy filed a verified claim and answer alleging an interest in the defendant real property.  No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.  The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.  Judgment is hereby entered against claimant Todd Hudy and all other potential claimants who have not filed claims in this action.

3.  All right, title and interest of Todd Hudy in the

1  defendant real property shall be forfeited to the United States
2  pursuant to 21 U.S.C. § 881(a)(7).
3       4.   The U.S. Marshals Service (or a designee) shall list the
4  defendant real property for sale.  The U.S. Marshals Service
5  shall have sole authority to select the means of sale, including
6  sale by internet or through a licensed real estate broker, and
7  shall have sole authority over the marketing and sale of the
8  defendant real property.
9       5.   The U.S. Marshals Service shall have the defendant real
10 property appraised by a licensed appraiser of its choosing.  The
11 U.S. Marshals Service and the appraiser may have access to the
12 defendant real property and structures, buildings, or storage
13 sheds thereon upon 24 hours telephonic notice.
14      6.   If necessary, the U.S. Marshals Service, and any real
15 estate broker employed by the U.S. Marshals Service, shall have
16 the right to put a "lock box" on the property to facilitate the
17 marketing and sale of the property.
18      7.   The following costs, expenses and distributions shall be
19 paid in escrow from the gross sales price in the following
20 priority and to the extent funds are available:
21           (a)  The costs incurred by the U.S. Marshals
22                Service to the date of close of escrow,
23                including the cost of posting, service,
24                advertising, and maintenance.
25           (b)  Any unpaid real property taxes, which shall
26                be prorated as of the date of the entry of
27                this Final Judgment of Forfeiture.
28           (c)  A real estate commission not to exceed the

                    U.S. Marshals Service contractual brokerage fee.

          (d)    The seller shall pay any county transfer taxes.

          (e)    To the United States of America: the net proceeds from the sale of the real property. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

    8.  Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's *lis pendens* on April 2, 2010, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

    9.  The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

    10.  All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

    11.  Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

    12.  The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint

1  and the posting of the defendant real property with the Complaint
2  and Notice of Complaint.  This is a full and final release
3  applying to all unknown and unanticipated injuries, and/or
4  damages arising out of the filing of the Complaint and the
5  posting of the defendant real property with the Complaint and
6  Notice of Complaint, as well as to those now known or disclosed.
7  Claimant waived the provisions of California Civil Code § 1542.
8       13.  Claimant Todd Hudy shall not take any action, or cause
9  any other person to take any action, to damage or modify the
10 defendant real property from its present condition or other
11 action that may result in a reduction in value of the defendant
12 real property.
13      14.  Claimant Todd Hudy shall vacate the defendant real
14 property on 72 hours notice by the U.S. Marshals Service.
15 Claimant further shall remove all personal possessions, and the
16 personal possessions of any former occupant, including all
17 vehicles, furniture, and trash, and to leave the property clean
18 and in the same state of repair as the property was on the date
19 it was posted.  Any and all of claimant's personal possessions,
20 and the personal possessions of any former occupant, not removed
21 within 72 hours will be disposed of by the United States without
22 further notice.
23      15.  Each party shall bear his/its own costs and attorney
24 fees.
25 ///
26 ///
27 ///
28 ///

16. Pending the sale of the defendant real property, and the disposition of the proceeds, this Court shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 29th day of June, 2011.

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Judge